IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JENNIFER D. ARAOZ, | : | |
| Plaintiff, | : | Civil Action No. 1:22-cv-125 |
| vs. | : | |
| THE NEW ALBANY COMPANY LLC, et al., | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a), (b) and 1446, defendants The New Albany Company, LLC, The YLK Charitable Fund, The Wexner Family Charitable Fund, Leslie H. Wexner, Abigail S. Wexner, as former President & Director of The YLK Charitable Fund, and The Wexner Foundation (collectively "Defendants") hereby remove the above-captioned action (the "State Action") from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York. The State Action is removable under 28 U.S.C. §§ 1332(a) and 1441(b) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiff and Defendants. Defendants provide the following plain statement of the grounds for removal together with all process, pleadings, and orders served in the State Action, pursuant to 28 U.S.C. § 1446(a).

1. On August 14, 2021, plaintiff Jennifer D. Araoz ("Plaintiff") commenced the State Action by filing a Summons with Notice in the Supreme Court of the State of New York, County of Queens, under Index No. 400298/2021. As of the date of this filing, a complaint has not yet been filed or served upon Defendants in the State Action. A true and accurate copy of the Summons with Notice, filed in the State Action and issued to Defendants, is attached as Exhibit A.

2. Copies of all orders served in the State Action are attached hereto as Exhibit B.

3. Copies of the Affidavits of Process Server, purporting to have served Defendants on December 9, 2021 and December 13, 2021, are attached hereto as Exhibit C.

4. A copy of the docket in the State Action (as of January 7, 2022) is attached hereto as Exhibit D.

5. No complaint has been filed in the State Action setting forth Plaintiff's claims and allegations. Instead, Plaintiff has only issued a Summons with Notice. The Notice vaguely asserts that Plaintiff suffered injuries as a result of the conduct of other persons at 9 East 71st Street, New York, NY 10021 (the "Property"), which occurred during the time period 2001-2002, ***a time period during which none of the Defendants had any association with or ownership interest in such Property.*** Nevertheless, Plaintiff contends Defendants are liable by falsely asserting Defendants "owned and/or controlled" the Property. In response to the Notice and a subsequent communication from Plaintiff, Defendants advised Plaintiff on December 23, 2021, that they did not have any association with the Property during the relevant time period and provided citations to numerous materials confirming this fact. Defendants have received no response from Plaintiff to their subsequent correspondence of December 27, 2021, and Plaintiff has otherwise not filed or served a complaint in the State Action. Nevertheless, Defendants are filing this Notice of Removal in view of the time limitations imposed under 28 U.S.C. § 1446(b).

6. On information and belief, Plaintiff Araoz is a citizen of the State of New York. *See* Exhibit A (Summons with Notice) at 3.

7. Defendant The New Albany Company, LLC, is a Delaware Limited Liability Company with its principal place of business in the State of Ohio. It is therefore a citizen of

Delaware and Ohio. *See* 28 U.S.C. § 1332(c). The New Albany Company never had any association with or ownership interest in the Property.

8. Defendant The YLK Charitable Fund was a Delaware non-profit corporation that was incorporated on December 20, 2007 and dissolved on December 29, 2010, with its principal place of business in the State of Ohio. It was therefore a citizen of Delaware and Ohio. Its directors and officers were all citizens of Ohio. *See* 28 U.S.C. § 1332(c). It is no longer in existence. The YLK Charitable Fund never had any association with or ownership interest in the Property.

9. Defendant The Wexner Family Charitable Fund is a Delaware non-profit corporation with its principal place of business in the State of Ohio. It is therefore a citizen of Delaware and Ohio. *See* 28 U.S.C. § 1332(c). The Wexner Family Charitable Fund never had any association with or ownership interest in the Property.

10. Defendant Leslie H. Wexner is a natural person and a citizen of Ohio. He did not have any association with or ownership interest in the Property during the time period described in the Notice.

11. Defendant Abigail S. Wexner is a natural person and a citizen of Ohio. She did not have any association with or ownership interest in the Property during the time period described in the Notice

12. Defendant The Wexner Foundation is an Ohio non-profit corporation with its principal place of business in the State of Ohio. It is therefore a citizen of Ohio. *See* 28 U.S.C. § 1332(c). The Wexner Foundation never had any association with or ownership interest in the Property.

13. Complete diversity exists between Plaintiff, on the one hand, and the Defendants, on the other.

14. The amount in controversy alleged in the State Action exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. The Notice seeks monetary damages not less than ten million dollars. *See* Exhibit A (Summons with Notice) at 3.

15. This Court therefore has jurisdiction in the matter of the State Action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Accordingly, the State Action may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

16. Removal is also timely pursuant to 28 U.S.C. § 1446(b). On December 9, 2021, a copy of the Summons with Notice was left at The New Albany Company, The Wexner Foundation, The Wexner Family Charitable Fund, and the Leslie and Abigail Wexner residence. As noted above, Defendant YLK Charitable Fund is no longer in existence. Accordingly, this Notice of Removal is filed within thirty (30) days of receipt by Defendants of the Summons with Notice.

17. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Court, Supreme Court of the State of New York, County of Queens, and will provide written notice of the filing of this Notice of Removal to Plaintiff. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit E.

18. Given that Plaintiff has not filed a complaint, Defendants have not filed any responsive pleading or motion in the State Action. The time in which Defendants are required, under New York law, to answer or otherwise move against the notice has not elapsed. By filing this Notice of Removal, Defendants do not waive any available defense including but not limited to any objections to service of process, personal jurisdiction or venue, and reserve all rights and

waive none, including but not limited to the right to bring a motion to dismiss the claims under Rule 12 of the Federal Rules of Civil Procedure.

19. All Defendants consent to this removal.

20. Defendants reserve the right to amend or supplement this Notice of Removal.

Accordingly, Defendants respectfully request that the State Action proceed before this Court as an action properly removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

Dated: January 7, 2022
      New York, New York

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By: /s/ Guy Petrillo
Guy Petrillo
Leonid Sandlar
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
Facsimile: (315) 873-2015

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system this seventh day of January 2022, and served via U.S. Mail upon the following:

>Jennifer D. Araoz
>78-16 81st Street
>Glendale, NY 11385
>
>*Plaintiff / Pro Se*

>>/s/ Guy Petrillo
>>*Counsel for Defendants*