# ZEIGER, TIGGES & LITTLE LLP

TELEPHONE: (614) 365-9900
FACSIMILE: (614) 365-7900

ATTORNEYS AT LAW
3500 HUNTINGTON CENTER
41 SOUTH HIGH STREET
COLUMBUS, OHIO 43215

WRITER'S DIRECT NUMBER:

(614) 365-4113
little@litohio.com

July 5, 2022

**SUBMITTED VIA ECF**

Honorable Ann M. Donnelly
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, NY 11201

    Re:    Jennifer D. Araoz vs. The New Albany Company LLC, et al.
              Case No. 1:22-cv-00125

Dear Judge Donnelly:

    Pursuant to Section 4(A) of the Court's Individual Motion Practices and Rules, Defendants request a pre-motion conference for leave to file a motion for dismissal. While Plaintiff's claims are flatly false (Mr. Wexner sold his interest in Nine East 71st Street Corporation years earlier and the other Defendants had no connection to the subject property), (a) Plaintiff's conclusory allegations are insufficient to establish personal jurisdiction over Defendants, requiring dismissal under Rule 12(b)(2) and (b) Plaintiff fails to plausibly state a claim upon which relief can be granted, requiring dismissal under Rule 12(b)(6).

    Plaintiff asserts seven claims against six Defendants arising from alleged injuries she sustained in a New York property as a minor. Plaintiff alleges this property was once owned not by any Defendant, but by a now-dissolved entity Plaintiff did not name as a defendant. To start, Plaintiff must establish jurisdiction "as to each defendant." Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 457 n.13 (E.D.N.Y. 2004). General jurisdiction is not an option. None of the entity Defendants is "at home" in New York, as Plaintiff concedes that each is incorporated under the laws of, and maintains its principal place of business in, other jurisdictions. SPV Osus Ltd. v. UBS AG, 882 F.3d 333, 343 (2d Cir. 2018) ("a corporation is at home and subject to general jurisdiction only in its place of incorporation or principal place of business"). The same goes for individual Defendants Abigail and Leslie Wexner, neither of whom is domiciled in New York. See Lebron v. Encarnacion, 253 F. Supp. 3d 513, 519 (E.D.N.Y. 2017) ("an individual's domicile in New York has become something of a *sine qua non* for exercising all-purpose jurisdiction here"). Plaintiff's claim that Mr. Wexner previously "maintained a residence" in New York – owned not by him, but by a now defunct corporation – does not change his status as

a foreign defendant. See Reich v. Lopez, 858 F.3d 55, 63 (2d Cir. 2017) ("One may have more than one residence in different [states] . . . but a person may have only one domicile.").[1]

Specific jurisdiction also fails. Although Plaintiff "must establish the court's jurisdiction with respect to *each claim* asserted," Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 24 (2d Cir. 2004), each claim Plaintiff asserts suffers from essentially the same defect: her "[c]onclusory allegations based only on information and belief are not sufficient" to establish jurisdiction. Grp. One Ltd. v. GTE GmbH, 523 F. Supp. 3d 323, 332 (E.D.N.Y. 2021). Regarding the entity Defendants, Plaintiff makes no plausible allegation that they transacted any business within New York at all, much less business related to the property or to Plaintiff's injuries. That Epstein may have been retained by one or more of the Ohio-based Defendant entities while he, unbeknownst to Defendants, committed criminal acts in a different state and *outside the scope of any retention*[2] is no basis for jurisdiction. See Powers-Barnhard v. Butler, 2020 WL 4925333, at *7 (N.D.N.Y. Aug. 21, 2020) (allegation that "an employee of USAV" was a "known" "sexual predator" "does not plausibly allege that he acted for USAV's benefit, with [its] consent, or that [it] exercised some control over [him] in the matter"). Not even the fraudulent transfer claim has a New York connection. Plaintiff contends only that YLK, a Delaware/Ohio non-profit, accepted donations from two non-New York entities. That's it.

Plaintiff alleges a claim for premises liability against Mr. Wexner; yet, Plaintiff admits Mr. Wexner never owned the property—Nine East 71st Street Corporation did. And while Plaintiff presumes she can simply treat this non-party's acts or state contacts as if they were Mr. Wexner's own, Mr. Wexner's "role at [Nine East 71st Street] does not automatically provide[] a basis for the Court to exercise personal jurisdiction over him." Grp. One Ltd., 523 F. Supp. 3d at 339. Rather, Plaintiff must articulate "facts establishing that the corporate officer was the driving force behind the New York transactions," facts demonstrating "personal involvement on behalf of the corporate officer in the activities giving rise to the suit." Wolo Mfg. Corp. v. ABC Corp., 349 F. Supp. 3d 176, 198 (E.D.N.Y. 2018) (cleaned up). "Conclusory allegations that the

---

[1] The Defendant entities are: the New Albany Company, LLC, a Delaware limited liability company; the YLK Charitable Fund, which has been dissolved for more than a decade but was formerly a Delaware non-profit corporation; the Wexner Family Charitable Fund, a Delaware non-profit corporation; and the Wexner Foundation, an Ohio non-profit corporation. The principal place of business for each of these entities is Ohio. Plaintiff also sued Abigail Wexner, an Ohio citizen; and Leslie Wexner, for whom Plaintiff does not allege citizenship, but necessarily concedes is not domiciled in New York, by virtue of her claim that the parties are completely diverse. [Compl., ¶¶ 18-24, 40.] The one-time property owner is non-party Nine East 71st Street Corporation. [Id. at ¶¶ 55, 203.]

[2] Plaintiff's allegation that Epstein's criminal conduct was "within the course and scope of his employment" makes no sense, either factually or legally. Epstein was not an employee of any of the Defendants and his conduct fell well outside the scope of his retention as a financial advisor. See Kunz v. New Netherlands Routes, Inc., 64 A.D.3d 956, 958 (N.Y. App. Div. 2009) ("Sexual assault 'is a clear departure from the scope of employment, having been committed for wholly personal motives.'").

corporate officers exercised control over the corporation by virtue of their title or position within the corporation," in other words, "do not suffice." Id. at 199 (cleaned up). Yet this is all Plaintiff offers in attempting to connect Mr. Wexner to her alleged injuries.

Jurisdiction is lacking over Abigail Wexner for similar reasons. Insofar as Plaintiff names Mrs. Wexner as a defendant in her capacity as YLK's president, Plaintiff does not allege that YLK has transacted any business within the state, ever. And as noted, the fact that Mr. and Mrs. Wexner held positions at YLK – which is the only fact Plaintiff alleges about their personal actions – is not sufficient to permit jurisdiction over them. See Merck & Co. Inc. v. Mediplan Health Consulting Inc., 425 F. Supp. 2d 402, 421 (S.D.N.Y. 2006) ("It is not enough that [defendant], as President of [the defendant entity], likely possessed authority to direct all the activities that gave rise to this suit. If that were the case, the president of every company would be subject to jurisdiction in New York[.] . . .").[3]

Even if jurisdiction exists, Plaintiff's negligence claims also fail for want of plausibility under Iqbal/Twombly. Plaintiff's claim – premised "[u]pon information and belief" alone –that Defendants employed Ghislaine Maxwell or the other two women present at the property at the time of the assaults are "too conclusory to establish a claim to relief." Yuan v. AA Forest, Inc., 2022 WL 900614, at *5 (E.D.N.Y. March 28, 2022) (Donnelly, J.). Broad, unsupported assertions that any of the foreign Defendants "knew," or "should have known" that Epstein was engaging in criminal conduct on the property are similarly insufficient to demonstrate premises liability or negligent retention. See Naughright v. Weiss, 826 F. Supp. 2d 676, 692–93 (S.D.N.Y. 2011) (claim that defendant "knew, or in the exercise of reasonable [sic] should have known" of dangerous condition was a "legal conclusion couched as a factual allegation"); C.Q. v. Est. of Rockefeller, 2021 WL 4942802, at *9 (S.D.N.Y. Oct. 21, 2021) (allegations that wrongdoer "had a history of domestic abuse and accusations of sexual assault" were "not nearly enough to establish propensity"). Trying to tie together a patchwork of *Epstein's* misdeeds against *adult* victims (that were not known by Defendants) at *Epstein's* own properties does not plausibly state a claim that Defendants must have known that Epstein was harming *minors* at this particular property. See id. at *9 (past allegations concerning employee not involving children which were not "as serious as the sexual assaults alleged" in the instant case did not put landlord on notice of employee's propensity); Doe v. Alsaud, 12 F.Supp.3d 674, 680–81 (S.D.N.Y., 2014) (employer not liable for assaults by employee unless past misconduct is "of the same kind that caused the injury," as "lesser allegations of prior wrongdoing are insufficient").

---

[3] To the extent Mrs. Wexner is sued individually, "[c]ourts . . . have consistently found that 'jurisdiction over a corporation or charity's board member, officer or employee, who is sued in [her] individual capacity, must be premised on the defendant's own personal contacts with the forum, and not the acts and/or contacts carried out by the defendant in [her] official capacity.'" Shi v. Le, 2022 WL 896963, at *2 (E.D.N.Y. Mar. 28, 2022) (cleaned up, citation omitted). Regarding Mrs. Wexner's individual state contacts, the Complaint alleges none.

Plaintiff's fraudulent transfer claim also fails on multiple fronts, starting with the fact that, as Plaintiff's own allegations show, no person or entity was rendered insolvent by the transfer. Shelly v. Doe, 249 A.D.2d 756, 757 (N.Y. App. Div. 1998). "A 'claim for actual fraudulent transfer pursuant to . . . applicable State law must satisfy the requirements of Rule 9(b),'" and Plaintiff's allegations do not. Thaler v. Korn, 2014 WL 1154059, at *3 (E.D.N.Y. Mar. 19, 2014). Finally, "key allegations were made '[u]pon information and belief,' without identifying the source of the information." Carlyle, LLC v Quik Park 1633 Garage LLC, 160 A.D.3d 476, 477 (N.Y.A.D. 1 Dept., Apr. 10, 2018).

We appreciate the Court's attention to this matter.

Very truly yours,

Marion H. Little, Jr.

cc: Robert J. Hantman, Esq. (via email)

770-964:953145