**ZEIGER, TIGGES & LITTLE LLP**

ATTORNEYS AT LAW

3500 HUNTINGTON CENTER

41 SOUTH HIGH STREET

COLUMBUS, OHIO 43215

TELEPHONE: (614) 365-9900
FACSIMILE: (614) 365-7900

WRITER'S DIRECT NUMBER:
(614) 365-4113

January 14, 2022

**VIA EMAIL**

Robert J. Hantman, Esq.
Hantman & Associates
1120 6th Avenue
New York, NY, 10036

      Re:    <u>Jennifer Araoz</u>

Dear Mr. Hantman:

    Any suggestion our clients knew or condoned anything Epstein is alleged to have done is false. The principle attorney for Epstein's victims, who has devoted over a decade to pursuing relief for Epstein's victims, has publicly stated as much. Our clients have publicly condemned Epstein several times for his alleged actions. Any suggestion that by addressing the baseless allegations leveled against <u>our clients</u> that we condone <u>*Epstein's alleged conduct*</u> is false and is a transparent ploy continuing your client's prior email demand for money she is not otherwise entitled to receive from our client.

    We now turn to your client's allegations against our clients. We accept your representation that your client would "prefer to avoid litigation." The only way for her to do so, however, is to voluntarily dismiss this action. Our clients will not pay any monetary payment or other consideration to her. No basis exists for any claim she may wish to pursue against our clients. As we expressed to you when we first spoke last month, the undersigned's practice is to be forthright with opposing counsel and specifically advise at the inception of a case when no payment will ever be paid. Such is the case here. Nothing outlined in your January 10 letter supports a different conclusion.

    Just the opposite is true. The 16 numbered paragraphs recited in your letter fall into three general categories. The first is the recitation of facts that are of no consequence to the noticed claims—that is, they offer no evidence in support of your client's position. In other instances, the numbered paragraphs simply draw conclusions from facts that are either untrue or otherwise draw conclusions that are not reasonably supported by the asserted facts. As a final category, you conflate distinct events and transactions and then conveniently assume that they relate to "property control" when, in fact, they do not. Virtually every allegation shares at least one

**EXHIBIT D**

Robert J. Hantman, Esq.  
January 14, 2022  
Page 2

ZEIGER, TIGGES & LITTLE LLP

common element: they are cobbled together from press clippings that, much like your letter, offer defamatory speculation and innuendo, but nothing beyond that.

But there is no reason to speculate or guess. The relevant documentary evidence easily disproves your client's allegations, and in particular, they conclusively demonstrate our clients' lack of involvement or control of the subject property during the stated time frame. The documents include:

- Mr. Wexner's 1998 sale of his interest in the 9 East 71st Street Corporation.

- The 1998 settlement statement reflecting the transaction and the apportionment of the real estate taxes.

- The consideration paid to Mr. Wexner for the sale.

- Mr. Wexner's 1998 resignation of any officer status or association with 9 East 71st Street Corporation.

If you would like to inspect these materials, subject to a confidentiality agreement, we are amenable to making them available for your review. These are the same documents that we would, in any event, produce as part of any permitted discovery. However, if your client is intent on seeking payment irrespective of whatever documents you review, she should proceed with the litigation without delay because no payment will be forthcoming. You can then simply review the documents as part of the ordinary discovery process once the case is transferred to the Southern District of Ohio, provided any claims survive our clients' Motion to Dismiss.

Very truly yours,

Marion H. Little, Jr.

MHL:tlt:1053-001:933376