# HANTMAN & ASSOCIATES

ATTORNEYS AT LAW
1120 Avenue of the Americas
4th Floor
New York, New York 10036
(P) 212-684-3933
(F) 212-465-2192
www.Hantmanlaw.com

**ROBERT J. HANTMAN**
rhantman@hantmanlaw.com
New York, New Jersey, & Florida Bars

January 18, 2023

**VIA ECF**

Honorable Ann M. Donnelly
United States District Court Judge
United States District Court Eastern District of New York
225 Cadman Plaza East - Courtroom 4GN Brooklyn, NY 11201

      Re: <u>Jennifer D. Araoz vs. The New Albany Company LLC, et al.</u>
        U.S. District Court, Eastern District of New York - Case No. 1:22-cv-00125

Dear Judge Donnelly:

  Plaintiff submits this letter pursuant to the January 13, 2023, order of this Court and Rule 4.A of the Court's Individual Motion Practices and Rules in response to Defendants' letter for leave to file a motion pursuant to Rule 12(b)2) and Rule 56. (Dkt. # 37).

  Plaintiff's First Amended Verified Complaint sets out eight causes of action against six defendants as follows: 1) Declaratory Judgement Regarding Ownership of 9 East 71st Street, New York, NY 10021 (the "Property"); 2) Negligence against Leslie Wexner via liability for ownership of the Property; 3) Negligence against all Defendants via negligent hiring/supervision of Epstein as an employee, *respondeat superior* for his negligent acts, and negligent supervision over the minor Plaintiff; 4) Negligence against The Wexner Family Charitable Fund, The Wexner Foundation, Leslie H. Wexner, The New Albany Company, LLC,[1] via negligent hiring/supervision and *respondeat superior* for negligent acts of other employees;[2] 5) Fraudulent Conveyance Against Leslie Wexner, Abigail S. Wexner, YLK Charitable Trust, The Wexner Family Charitable Fund, and The Wexner Foundation; 6) Aiding And Abetting Against The Wexner Family Charitable Fund, The Wexner Foundation, Leslie H. Wexner, The New Albany Company, LLC;[3] 7) Conspiracy Against The Wexner Family Charitable Fund, The Wexner Foundation, Leslie H. Wexner, The New Albany Company, LLC;[4] and 8) Intentional Infliction of Emotional Distress as against The Wexner Family Charitable Fund, The Wexner Foundation, Leslie H. Wexner, The New Albany Company, LLC.

---

[1] Claims Four, Six, Seven, and Eight are against all Defendants except Abigail Wexner and her NPO YLK who Plaintiffs believe were only involved with obscuring the ownership of the Property.

[2] Ghislaine Maxwell, Rosalyn S. Fontanilla, Lesley Groff, and Ms. Espinosa, (the "Named Employees"), as well as further employees whose identities we believe discovery will unearth.

[3] "New York specifically recognizes a cause of action for aiding and abetting an assault and battery." <u>Naughright v. Weiss</u>, 826 F.Supp. 2d 676, 691 (S.D.N.Y. 2011); <u>Maurizi v. Callaghan</u>, No. 20-CV-922JLS(F), 2022 U.S. Dist. LEXIS 35099, at *41-42 (W.D.N.Y. Feb. 25, 2022).

[4] Plaintiff is aware that civil conspiracy liability is not a stand-alone causes of action under New York Law, but a vehicle of liability against defendants for claims against other persons, however Plaintiff has included this claim as notice to the defendants.

HANTMAN & ASSOCIATES
650 WEST AVENUE
SUITE 2408
MIAMI BEACH, FL 33139

NEW JERSEY
JOSEPH J. FERRARA
OF COUNSEL
111 PATERSON AVENUE
HOBOKEN, NJ 07030

FLORIDA
ENTIN & DELLA FERA, P.A.
OF COUNSEL
110 SE 6TH ST., SUITE 1970
FORT LAUDERDALE, FL 33301

PLEASE SEND ALL CORRESPONDENCE TO THE NEW YORK, NY ADDRESS LISTED ABOVE.

Defendant's January 13, 2022 letter argues their motion beforehand, and Plaintiff must respond to the points outlined below.

*There is Jurisdiction over the Defendants*

Plaintiff has pled connections for each defendant based upon specific transactions in New York related to her claims. See First Amended Verified Complaint ¶¶ 39-51. In a diversity action, the Court looks to the law of the forum state to determine personal jurisdiction. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996).

New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1)-(3), is the basis for personal jurisdiction over Defendants because they personally or ***through an agent*** failed to supervise Epstein and the Employees at the Property, owned by Defendants in New York, committing a tortious act within the state. Defendants also transacted business within the state related to this action through their ownership of, and transactions surrounding the obscuring and offloading of the Property, and their employment of the Employees within the state. To the extent that Defendants' tortious acts occurred outside New York, jurisdiction still exists pursuant to § 302(a)(3). All public evidence and evidence thus far provided suggests that Leslie Wexner and Abigail Wexner were the main or sole decision makers of the entity Defendants herein that they are respectively associated with, and it is believed that discovery will further support this Court's jurisdiction. In order to make a prima facie showing of jurisdiction under the long-arm statute, the plaintiff must "aver facts that if credited, would suffice to establish all the requirements under one of § 302(a)'s subsections …." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 785 (2d Cir. 1999).

*Plaintiff's Claims Have Merit*

There exist now a slew of cases brought under The Child Victim Act ("CVA") and N.Y. C.P.L.R. sec. 214-g establishing a trend of "vicarious liability" claims brought against parties other than the abuser under various theories, such as negligent hiring, negligent security, premises liability, and common law negligence, as well as aiding and abetting the abuse, transporter liability, and civil RICO violations.[5] These cases, in the most part, are proceeding past the motion to dismiss stage and even to verdict. See, e.g., PB-36 Doe v. Niagara Falls City School District, 152 N.Y.S.3d 242, 245 (denying motion to dismiss claimant's negligent hiring, retention, and supervision claim); M.C. v. State, 163 N.Y.S.3d 741, 753 (N.Y. Ct. Cl. 2022) (same); and see LG 40 DOE v. ROBERT L. EBERHARDT Erie County Supreme Court Index No. 805762/2020 (awarding plaintiff over $26,000,000.00 via jury verdict, what is believed to be the first verdict under the CVA).

Regarding Plaintiff's fraudulent conveyance claim, defendants' counsel proffers only a narrow portion of the applicable law. New York's Debtor and Creditor Law (the "DCL") applies. DCL § 276, concerns actual fraud, as opposed to constructive fraud, and does not require proof of unfair consideration or insolvency. Assocs. v. Brodsky, 257 AD 2d 526, 529 (1st Dept. 1999) (citation

---

[5] Indeed, on May 24, 2022, less than one year after the revival window of the New York Child Victims Act (CVA) closed, Gov. Kathy Hochul signed into law the Adult Survivors Act (ASA) that the New York Assembly passed one day earlier.

omitted). Because it is difficult to prove actual intent, the plaintiff may rely on "badges of fraud" to raise and inference of fraud, i.e., circumstances so commonly associated with fraudulent transfers "that their presence gives rise to an inference of intent." Id. (internal quotation marks and citations omitted). Among such circumstances are: a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; and retention of control of the property by the transferor after the conveyance. Id. "Depending on the context, badges of fraud will vary in significance, though the presence of multiple indicia will increase the strength of the inference." MFS/Sun Life Trust v. Van Dusen Airport Servs., 910 F. Supp. 913, 935 (S.D.N.Y. 1995); see also Gafco, Inc. v. H.D.S. Mercantile Corp., 47 Misc.2d 661, 664 (Sup. Ct., N.Y. County 1965) ("[a]lthough 'badges of fraud' are not conclusive and are more or less strong or weak according to their nature and the number occurring in the same case, a concurrence of several badges will always make out a strong case") (internal quotation marks and citations omitted).

Further, where a transaction is entered into fraudulently to escape obligations of a predecessor, "[a] corporation may be held liable for the torts of its predecessor." Dutton v. Young Men's Christian Ass'n of Buffalo Niagara, 2022 NY Slip Op 04238, ¶ 1, 207 A.D.3d 1038, 1039-40, 171 N.Y.S.3d 276, 280 (App. Div. 4th Dept.) (internal quotations omitted) (trial court's grant of defendant's motion to dismiss under CPLR 3211, action brought under the CVA reversed because plaintiff's complaint stated causes of action based on successor liability under a theory of de facto merger.)

***Res Judicata Does Not Apply***

Both New York and federal courts have shunned a "formalistic approach" to privity regarding Res Judicata, considering instead whether the newly named defendants share an interest with those named in the first action. Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 346 (2d Cir. 1995); Brown v. Quiniou, No. 02 Civ. 4630 (CBM) (S.D.N.Y. Apr. 15, 2003).

There is no shared interest between any defendant in this action and those of the prior action. Defendants' argument relies on one claim in the State Court Case, Count VII, for negligent security, against one of the many Defendants in that action, Nine East 72st Street Corporation, an entity that allegedly owned the subject townhome from 1989 to 2011. However, this claim for negligent security is not determinative of Defendants' negligence here under the New York's Child Victims Act ("CVA"). Liability for Mr. Epstein's entity involves completely different questions of fact, such as what he failed to do to prevent the assaults, and does not have a bearing on whether Mr. Wexner failed to supervise his own companies, properties, and employees. In the instant matter, much more than a simple oversight of security alleged. Plaintiff's claims paint a picture of an environment where Mr. Wexner and his companies harbored and even encouraged Mr. Epstein's sex abuse and pedophilia.

Respectfully Submitted,

 /s/ Robert J. Hantman
Robert J. Hantman, Esq.
*Counsel for Plaintiff*