# ZEIGER, TIGGES & LITTLE LLP

TELEPHONE: (614) 365-9900  
FACSIMILE: (614) 365-7900

ATTORNEYS AT LAW  
3500 HUNTINGTON CENTER  
41 SOUTH HIGH STREET  
COLUMBUS, OHIO 43215

WRITER'S DIRECT NUMBER:

(614) 365-4113  
little@litohio.com

January 24, 2024

**SUBMITTED VIA ECF**

Honorable Ann M. Donnelly  
United States District Court Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Courtroom 4GN  
Brooklyn, NY 11201

      Re:    <u>Jennifer D. Araoz vs. The New Albany Company LLC, et al.</u>  
              Case No. 1:22-cv-00125

Dear Judge Donnelly:

      Pursuant to Section 4(A) of the Court's Individual Motion Practices and Rules, Defendants request a pre-motion conference for leave to file a Rule 12(f) Motion to Strike Plaintiff's Notice of Supplemental Authority, Docs. 47 ("Supplemental Authority"), which impermissibly consists of "immaterial, impertinent, and scandalous materials" in violation of the Civil Rules.

      Currently pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. [Doc. 40.] Dismissal is warranted because: (1) res judicata bars all claims due to Plaintiff's prior litigation to final resolution of a state court claim parroting the current complaint and her allegations of privity between the respective parties in the state and federal actions, (2) of impermissible group pleading, lumping all defendants together despite several admonitions from the Court, (3) no personal jurisdiction exists over Defendants in New York, and (4) the complaint otherwise fails to state claims for conspiracy and fraudulent conveyance. As the Court may recall, Defendants filed their Motion to Dismiss after the Court afforded Plaintiff an additional opportunity to file an amended complaint.

      On January 18, 2024, Plaintiff submitted the purported "Supplemental Authority," but clearly it is not. This submission has no relevance to the specific legal issues pending before the Court or, for that matter, the allegations in the operative pleading. This is merely part and parcel of Plaintiff's continuous attempt to interject "immaterial, impertinent, or scandalous matter" in the record (as was done in various iterations of the complaint). Specifically, the "Supplemental Authority" consists of (1) Judge Rakoff's decision, granting in part and denying in part, JP Morgan and Deutsche Bank's motions to dismiss in actions by Epstein victims and the Virgin Islands (*"Banking Cases"*); (2) 2016 deposition testimony from Virginia Giuffre in *Giuffre v. Maxwell*, 15 Civ. 7433 (*"Giuffre"*), which was previously sealed and stricken by Judge Preska; and (3) Judge Kaplan's opinion in *Giuffre v. Prince Andrew, Duke of York*, 21-cv-6702 (LAK) (SDNY Jan. 12, 2022) (*"Prince Andrew"*) denying Prince Andrew's Motion to Dismiss.

The trial court orders in the *Banking Cases* and *Prince Andrew's* case offer nothing. The *Banking Cases* arose from banking relationships that continued well ***after*** Epstein's misconduct was discovered and have no plausible relationship to a case where one Defendant sold a home literally ***9 years prior*** to when Epstein was discovered to have engaged in misconduct. Even then, the decisions in the *Banking Cases* ***dismissed*** the Plaintiffs' intentional infliction of emotional distress, aiding and abetting, and conspiracy claims, all claims raised by Plaintiff here. The *Prince Andrew* case addressed, on a motion to dismiss, whether Defendant was a third-party beneficiary to a release—a matter not at issue in the pending motion.

The Giuffre deposition merely "supplements" Plaintiff's desire to generate a National Inquirer type headline. First and foremost, the alleged allegations are demonstrably false. Mr. Wexner has never even met Giuffre, she has never initiated a claim against Mr. Wexner alleging any misconduct, and Mr. Wexner has never paid a dime to her or any other Epstein victim. Unsubstantiated allegations unrelated to the parties or allegations in the present action are the very definition of "immaterial, impertinent, and scandalous materials."

Further, on November 18, 2022 District Court Judge Preska held a hearing and issued an order denying the motion to unseal Doc. 363-7, a portion of the same document as Doc. 47-2 that Plaintiff filed in this case. [*Giuffre* Docket, Doc. 1283 at 9-10.] The transcript was filed in violation of Judge Preska's sealing order on January 9, 2024. [*Id.*, Doc. 1335-3.] Judge Preska struck the filing the next day because it "contains information that should have been redacted." [*Id.* Doc. 1336.]

From a review of the *Giuffre* docket, Plaintiff could have easily learned that the unredacted transcript had been filed in violation of Judge Preska's Order and that Judge Preska struck the transcript. Despite this, instead, Plaintiff disregarded Judge Preska's publicly-filed Order and filed "immaterial, impertinent, and scandalous materials" having no relevance to Defendants' motion to dismiss in violation of the Civil Rules. Plaintiff's Supplemental Authority should be stricken and removed from the public record.

We appreciate the Court's attention to this matter.

Very truly yours,

Marion N. Little, Jr.

cc: Robert J. Hantman, Esq. (via email)
Nyall J. Cook, Esq. (via email)