# HANTMAN & ASSOCIATES
ATTORNEYS AT LAW
1120 Avenue of the Americas
4th Floor
New York, New York 10036
(P) 212-684-3933
(F) 212-465-2192
www.Hantmanlaw.com

**ROBERT J. HANTMAN**
rhantman@hantmanlaw.com
New York, New Jersey, & Florida Bars

January 26, 2024

**VIA ECF**

Honorable Ann M. Donnelly
United States District Court Judge
United States District Court Eastern District of New York
225 Cadman Plaza East - Courtroom 4GN Brooklyn, NY  11201

Re: Jennifer D. Araoz vs. The New Albany Company LLC, et al.
U.S. District Court, Eastern District of New York - Case No. 1:22-cv-00125

Dear Judge Donnelly:

In response to defendants letter of January 24, 2024, we will ignore defendants efforts to further argue their case for dismissal and simply respond to their criticism of our January 18, 2024 submission which, contrary to defendants position, is anything but "immaterial, impertinent". Also, to the extent scandalous, it is only as a result of sworn statements and now public revelations which sheds further light on the personal and close relationship between Jeffery Epstein and  Mr. Wexner. A relationship certainly closer than that between Mr. Epstein and the banks at issue which is why defendants ask this court to ignore.

(1) Judge Rakoff's decision, granting in part and denying in part, JP Morgan and Deutsche Bank's motions to dismiss in actions by Epstein victims and the Virgin Islands *("Banking Cases");* (2) 2016 deposition testimony from Virginia Giuffre in *Giuffre v. Maxwell,* 15 Civ. 7433 *("Giuffre"),* which was previously sealed and stricken by Judge Preska; and (3) Judge Kaplan's opinion in *Giuffre v. Prince Andrew, Duke o/York,* 21-cv-6702 (LAK) (SDNY Jan. 12, 2022) *("Prince Andrew")* denying Prince Andrew's Motion to Dismiss.

Further, defendants' response seeks to convince the court that our efforts to professionally represent our client are predicated on wild supposition and a desire to generate a National Inquirer type headline.  However, the opposite is true as our firm was retained to seek a resolution of this matter and we raised factual issues that could and should have been addressed by the defendants.

In fact, the expert opinion of Mathew Simon submitted via affidavit in this action, (Doc. No. 42-3), raised factual issues relevant to this case and defendants not only failed to refute it, but refused my suggestion that the Magistrate Judge appoint an expert to provide a Report and Recommendation. More recently, other than submitting to your Honor that which was only recently widely publicized, our client and our firm

FLORIDA
HANTMAN & ASSOCIATES
650 WEST AVENUE
SUITE 2408
MIAMI BEACH, FL 33139

NEW JERSEY
JOSEPH J. FERRARA
OF COUNSEL
111 PATERSON AVENUE
HOBOKEN, NJ 07030

FLORIDA
ENTIN & DELLA FERA, P.A.
OF COUNSEL
110 SE 6TH ST., SUITE 1970
FORT LAUDERDALE, FL 33301

PLEASE SEND ALL CORRESPONDENCE TO THE NEW YORK, NY ADDRESS LISTED ABOVE.

refrained from contact with any third parties to avoid that which defendants now claim was our purpose.

As our client fervently believes, this case has the opportunity to send a chilling message to all persons who might otherwise assist pedophiles – perhaps for their own wanton desires - and those involved in human trafficking - for their economic benefit - that there can be consequences. This is not to suggest that Mr. Wexner is in the other category but simply to point out what is at stake here.

At minimum, both the banking case and the Prince Andrew case are relevant to defendants' res judicata claims.

In Deutsche Bank's motion to dismiss raised a threshold question that applies to the claims brought against it. That threshold question was the question of a release between the plaintiff there and the Epstein Estate. Just two months prior to instituting this action, plaintiff there signed the exact same release with the Epstein Estate that the Plaintiff in this case signed. In exchange for that, the releasee received a monetary payment, and corollary to that executed a very broad release with the Epstein estate. See Exhibit 1, pages 3-19.

The court pointed out that Deutsche bank was not a party to the agreement and stated, "since when under applicable law does a release between two parties extend to possible claims against third parties?" In denying the motion to dismiss, the court found that plaintiff's release of the Epstein Estate did not release financial institutions such Deutsche bank and JP Morgan. See *Id.*

Here, Mr. Wexner was essentially a financial institution to Jeffrey Epstein. He signed over a sweeping power of attorney to Jeffrey Epstein,[1] which was in effect from 1991 to 2008, which gave Mr. Epstein full power and authority to act on his behalf over his multibillion-dollar estate. It gave Mr. Epstein the ability to borrow money, sign checks, make investments, buy and sell properties, negotiate and sign contracts and even hire and fire personnel. We alleged that Mr. Epstein used some of Mr. Wexner's money for hush money payments, including the money that was sent from Mr. Wexner's Charity to Mr. Epstein's charity, which is known to have used funds to make hush money payments.

In Prince Andrew's motion to dismiss, the main argument was that Epstein's release with the plaintiff was intended to cover him. The court found that the settlement agreement was ambiguous, and it was a triable issue of fact whether it was intended to cover Prince Andrew that could not be decided on a motion to dismiss.

As far as the Virginia Guiffre's publicly released deposition testimony, it

---

[1] See Exhibit 2 hereto, Power of Attorney, previously submitted in this action as exhibit 3 to the Affirmation of Robert J. Hantman (Doc. No. 42-4)

2

confirms the publicly available deposition testimony we included in our opposition to defendant's motion to dismiss by Guiffre's attorney, Stanley Pottinger,[2] regarding claims that "Mr. Wexner was alleged to have had sex with one or more of Mr. Epstein's girls, including Ms. Guiffre." See Affidavit of Stanley Pottinger in Giuffre v. Dershowitz, Case No.:19-cv-03377-LAP Dkt. No. 36-7 ¶9, a true and correct copy of which was filed in this action as Doc. No. 42-8.

This is relevant to whether Wexner knew or should have known that Epstein was sexually trafficking underage girls.

As to the relief which defendants seek, we will not be so presumptuous as to suggest what your honor should do, as our past, current, and future focus was, is, and will be simply to assist our client in protecting her rights and those of the less powerful and most vulnerable from predatory actions for which, ironically, the only person punished so far has been a woman and not a single man who contributed to the making and marketing ability of Mr. Epstein.

Based on the foregoing we believe there is no need for oral argument on these issues. We thank you for your attention to this matter.

Respectfully Submitted,

 /s/ Robert J. Hantman
Robert J. Hantman, Esq.
*Counsel for Plaintiff*

CC via E-filing:
Marion Little
Terri Thompson

---

[2] Doc. No. 42-8.