UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

**JENNIFER D. ARAOZ,**

Plaintiff,

– against –

**THE NEW ALBANY COMPANY, LLC**, et al.,

Defendants.

---------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

22-CV-0125 (AMD) (RML)

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the defendants' motion to dismiss. For the reasons explained below, the motion is granted.

The plaintiff claims that Jeffrey Epstein repeatedly sexually assaulted and eventually raped her when she was a minor. The plaintiff alleges that the defendants collectively owned the building where the assaults occurred, and that the defendants allowed the abuse to continue by supporting Epstein social and financially, allowing him to live and work in the building, and allowing him to use the defendants' employees for his own purposes.

The plaintiff previously brought claims against Epstein's estate in New York state court, premised on the same underlying facts as this case, which were dismissed with prejudice. She alleges now that the defendants in this action employed the defendants whom the plaintiff sued in the prior state action.

## BACKGROUND

### I. Factual Background

The plaintiff alleges that beginning in 2001, Jeffrey Epstein[1] repeatedly sexually assaulted and eventually raped her when she was a minor, at Nine East 71st Street, New York, New York ("the Property"). (ECF No. 36 ¶¶ 5–7.)[2] She further alleges that the defendant Leslie Wexner owned the Property "where[,] despite having notice of Epstein's behavior, he permitted Epstein to live and run his companies and nonprofit organizations," and that Epstein was "enabled . . . to perpetuate these sexual crimes against her" "with the help of Leslie and Abigail Wexner, and a network of charities, companies, [] trusts, and their employees." (*Id.*)

### II. Prior State Court Action

In 2019, the plaintiff brought a lawsuit in the Supreme Court of the State of New York and made similar claims arising out of the same set of facts against multiple defendants, including Jeffrey Epstein's estate and its executors and Ghislaine Maxwell. (ECF No. 40-3 (State Action First Amended Complaint).) None of the defendants in that lawsuit are parties to this suit. In the state court lawsuit, the plaintiff alleged that the Nine East 71st Street Corporation owned and operated the Property. (*Id.*) In November 2020, the plaintiff entered a stipulation of

---

[1] Epstein's indictment was unsealed on July 8, 2019. Indictment, *United States of America v. Jeffrey Epstein*, No. 19-CR-490 (S.D.N.Y. July 2, 2019). Epstein died of an apparent suicide while in pretrial detention. Letter, *Epstein*, No. 19-CR-490 (S.D.N.Y. Aug. 14, 2019).

[2] The plaintiff brings her claims under New York's Child Victims Act, N.Y. C.P.L.R. § 214-g, which went into effect on August 14, 2019, and gave victims of child sexual abuse a one-year "look-back" window to sue an alleged abuser and the individuals and institutions that allegedly aided them, regardless of when the crime occurred. The window was later extended to August 14, 2021, the date the plaintiff filed this lawsuit.

discontinuance in which she agreed to dismiss the state court action with prejudice. (ECF No. 40-4 (State Action Stipulation of Discontinuance).)

## III. Federal Action Procedural Background

On August 14, 2021, the plaintiff, then *pro se*, brought this action in state court against six defendants: The New Albany Company, LLC, the YLK Charitable Fund, the Wexner Family Charitable Fund, the Wexner Foundation, and Leslie Wexner and Abigail Wexner (collectively "the defendants"). (ECF No. 1.) The defendants removed this action to federal court on January 7, 2022, on the basis of diversity jurisdiction. (*Id.*) At the time of removal, the plaintiff had filed only a notice with summons; she had not filed a complaint. (*Id.*)

At Magistrate Judge Robert Levy's direction, the plaintiff filed a complaint on June 29, 2022 in this Court. (ECF No. 22.)[3] The plaintiff filed an amended complaint—the operative pleading for resolution of this motion—on January 6, 2023. (ECF No. 36.) The plaintiff asserts seven causes of action: (1) a declaratory judgment claim regarding ownership of the property; (2) a negligence claim for premises liability against Leslie Wexner; (3) a negligence claim against all of the defendants; (4) a negligent retention claim against the Wexner Family Charitable Fund, the Wexner Foundation, Leslie Wexner, and the New Albany Company for hiring employees who caused the sexual abuse of the plaintiff; (5) a fraudulent conveyance claim against Leslie Wexner, Abigail Wexner, YLK Charitable Trust, the Wexner Family Charitable Fund, and the Wexner Foundation; (6) an aiding and abetting claim against Leslie Wexner, the Wexner Family Charitable Fund, the Wexner Foundation, and the New Albany Company; (7) a conspiracy claim against Leslie Wexner, the Wexner Family Charitable Fund, the Wexner Foundation, and the New Albany Company; and (8) an intentional infliction of emotional

[3] The plaintiff eventually retained counsel.

distress claim against the Wexner Family Charitable Fund, the Wexner Foundation, Leslie H. Wexner and the New Albany Company, LLC. (ECF No. 36.)[4]

The defendants moved to dismiss the plaintiff's amended complaint in its entirety on April 17, 2023. (ECF No. 40.) The defendants argue that the plaintiff's claims are barred by *res judicata* because the plaintiff already litigated her claims, which arise from the same facts, and the claims were dismissed with prejudice. (*Id.* at 18–23.) The defendants cite various other pleading deficiencies: (1) the plaintiff did not allege facts that would allow personal jurisdiction over any defendant; (2) the plaintiff has no standing to assert a claim of declaratory relief; (3) the plaintiff engaged in impermissible group pleading; (4) the complaint fails to state a claim against the defendant New Albany Company, LLC; (5) the plaintiff's conspiracy claim fails as a matter of law; (6) the plaintiff's fraudulent conveyance claim is untimely and fails on the merits; and (7) the plaintiff did not state a claim against the defendants for negligent retention. (ECF No. 40.)

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.*

[4] The first seven claims were also raised in the original complaint. (ECF No. 1.)

(quoting *Twombly*, 550 U.S. at 555). Pleadings are construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

**DISCUSSION**

The defendants raise multiple arguments for dismissal. The Court first addresses the defendants' *res judicata* argument—that the dismissal with prejudice of the plaintiff's state action bars this action. The Court concludes that it does.

"*Res judicata*, or claim preclusion, dictates that 'a final judgment on the merits in one action bars subsequent relitigation of the same claim by the same parties.'" *Toth v. New York City Dep't of Educ.*, No. 21-CV-4245, 2023 WL 121733, at *4 (E.D.N.Y. Jan. 5, 2023) (quoting *Greenberg v. Bd. of Governors of Fed. Rsrv. Sys.*, 968 F.2d 164, 168 (2d Cir. 1992)); *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) ("The doctrine of *res judicata,* or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (internal quotations omitted)).[5] The party raising the *res judicata* defense—here, the defendants—must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 285.[6]

---

[5] Because the plaintiff stipulated to dismiss the New York state court case, the Court applies New York law in determining the preclusive effect of that prior proceeding. *See Allianz Ins. Co. v. Lerner*, 296 F. Supp. 2d 417, 421 (E.D.N.Y. 2003), *aff'd*, 416 F.3d 109 (2d Cir. 2005). Federal case law is instructive, however, because "New York and federal res judicata doctrines are 'virtually identical.'" *Umar Oriental Rugs, Inc. v. Carlson & Carlson, Inc.*, 757 F. Supp. 2d 218, 223 n.2 (E.D.N.Y. 2010) (citation omitted).

[6] "A court may consider a res judicata defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

## I. Adjudication on the Merits

With respect to the first element, "it has long been settled that a stipulation of dismissal with prejudice is an adjudication on the merits." *Toth*, 2023 WL 121733, at *4 (internal quotation marks and alterations omitted). The stipulation of discontinuance the plaintiff entered in the state court action, dismissing the action with prejudice (ECF No. 40-4), thus satisfies the first element of *res judicata* as an adjudication on the merits.

## II. Involving the Parties or Their Privies

The second element is also met, as the previous state action involved the same parties or their privies. Both New York and federal courts have rejected a "formalistic approach" to privity, considering instead whether the new defendants share an interest with those named in the first action. *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995); *Sweeper v. Tavera*, No. 08-CV-6372, 2009 WL 2999702, at *4 (S.D.N.Y. Sept. 21, 2009) ("[I]t is well-settled in this Circuit that literal privity is not a requirement for *res judicata* to apply. . . . [A] privity analysis for *res judicata* purposes is broader than a traditional privity analysis." (internal citations and quotation marks omitted)).

"[A]n employer-employee or agent-[principal] relationship will provide the necessary privity for claim preclusion with respect to matters within the scope of the relationship, no matter which party is first sued." *Quattrone v. Erie 2 Chautauqua-Cattaraugus Bd. of Coop. Educ. Servs.*, No. 19-CV-1329, 2021 WL 4295418, at *5 (W.D.N.Y. Sept. 21, 2021) (internal quotation marks omitted); *see also Bayer v. City of New York*, 115 A.D.3d 897, 897–99 (2d Dep't 2014) ("Although [certain parties] were not named in the [prior] action, since they are employees of the

The complaint and stipulation of dismissal from the plaintiff's state court action are court records, which "are a matter of public record of which this Court [may] take[] judicial notice." *Magi XXI, Inc. v. Stato Della Cit%22a Del Vaticano*, 22 F. Supp. 3d 195, 201 (E.D.N.Y. 2014).

Department whose conduct formed the basis of the plaintiff's allegations in the [prior] action, they are entitled to rely upon the beneficial disposition of the [prior] action against the City and the Department." (citation omitted)).

In the state court action, the plaintiff sued defendants who are not parties in this action; however, the allegations in the federal complaint, if true, establish that each defendant the plaintiff now sues is in privity with at least one of the defendants in the prior state action. In general, the plaintiff alleges that the defendants in this action employed some of the defendants in the state action and that the defendants' alleged liability in this action stems from this employer-employee relationship—a privity relationship sufficient for purposes of *res judicata*.

More specifically, the complaint alleges a privity relationship for each defendant in this action with at least one defendant in the earlier state action:

- **The New Albany Company, LLC**: The plaintiff's complaint alleges that "[u]pon information and belief, New Albany [] employed Epstein and the Employees that materially aided Epstein in his crimes and cover ups." (ECF No. 36 ¶43.) Epstein's estate was a defendant in the prior state action. (*See* ECF No. 40-3.)
- **The Wexner Family Charitable Fund**: The plaintiff alleges that the Wexner Family Charitable Fund "also employed Epstein and the Employees that materially aided Epstein in his crimes and cover ups." (ECF No. 36 ¶ 48.)
- **The YLK Charitable Fund**: The plaintiff alleges "[u]pon information and belief[,] the YLK Charitable Fund also employed Epstein and the Employees that materially aided Epstein in his crimes and cover ups." (*Id.* ¶ 45.)
- **Abigail Wexner**: The plaintiff alleges that Ms. Wexner was the president and director of the YLK Charitable fund (*id.* ¶ 12), the director of the Wexner Family Charitable Fund and the Wexner Foundation (*id.*), and that her and her husband Leslie Wexner's "employees directly and materially aided Jeffrey Epstein in perpetrating crimes of sexual abuse, sexual assault, and rape against Ms. Araoz" (*id.* ¶ 9).
- **The Wexner Foundation**: The plaintiff alleges that "[u]pon information and belief the Wexner Foundation also employed Employees that materially aided Epstein in his crimes and cover ups." (*Id.* ¶ 51.) In another part of the complaint, the plaintiff alleges upon information and belief that the Foundation, along with some of the other defendants in this action, employed an individual referred to as

"the Recruiter." (*Id.* ¶ 101.) "The Recruiter" appears to refer to the defendant named as Jane Doe 1 in the prior state action. (*Compare id.* ¶¶ 99–115, *with* ECF No. 40-3 ¶¶ 88–109.)

- **Leslie Wexner**: The plaintiff alleges that Epstein "was an officer, director, or employee of many corporate entities and trusts controlled by Leslie Wexner, and Defendants in this action," and, more specifically, that Epstein was employed as "Leslie Wexner's financial manager." (ECF No. 36 ¶¶ 20, 61.)[7] The plaintiff also alleges that Leslie Wexner owned a corporation named as a defendant in the prior state action (but not this federal action), Nine East 71st Street Corporation. (*Id.* ¶ 63; ECF No. 40-3.)[8]

These allegations allege an employer-employee or agent-principal relationship sufficient to "provide the necessary privity for claim preclusion" for each defendant in this federal action. *Quattrone*, 2021 WL 4295418, at *5.[9]

The plaintiff does not deny or dispute the employer-employee privity relationship alleged in the complaint. Rather, she argues that the defendants in this action are "distinct from those in the State Action," "the causes of action in this lawsuit rely upon entirely different facts as those in the State Action," the "Defendants are independently liable for their own negligent and intentional acts that led to the sexual assaults that occurred on the Property," and the "[l]iability for Mr. Epstein's entities listed in the State Action involve completely different questions of fact, which resolved the direct responsibility for the assaults, and thus does not have bearing on Mr.

---

[7] The plaintiff also alleges that, upon information and belief, some of the defendants in the earlier state action—"the Maid, Ms. Fontanilla, and Ms. Leslie Groff"—were "employees of the Defendants" in this action (ECF No. 36 ¶ 117), although she does not specify which defendants in this action she alleges employed those individuals.

[8] Under New York law, privity also exists between corporate defendants and parties who are "officers, shareholders and/or owners of defendant corporation[s]." *Briggs v. Chapman*, 53 A.D.3d 900, 863 (3d Dep't 2008).

[9] Moreover, the plaintiff alleges that the defendants Leslie Wexner, Abigail Wexner, and the YLK Charitable Fund owned the Property where the sexual abuse occurred and were successors in interest to the Nine East 71st Street Corporation. (ECF No. 36 ¶¶ 39, 40, 44.) In the prior state action, she named the Nine East 71st Street Corporation as a defendant. (ECF No. 40-3.) Under New York law, privity also extends to those who are "successors to a property interest." *Nath v. Select Portfolio Servicing, Inc.*, No. 15-CV-8183, 2017 WL 782914, at *10 (S.D.N.Y. Feb. 28, 2017), *aff'd*, 732 F. App'x 85 (2d Cir. 2018).

Wexner's negligence and intentional actions and his failure to supervise his own companies, properties, and employees." (ECF No. 42 at 17–18.)

None of these arguments are persuasive or relevant. It does not matter, for instance, that the plaintiff previously brought sexual assault and battery claims against the executors of Epstein's estate, and now brings a claim under a different legal theory—negligent supervision—against Leslie Wexner. "[A]n employer-employee or agent-[principal] relationship will provide the necessary privity for claim preclusion with respect to matters within the scope of the relationship." *Quattrone*, 2021 WL 4295418, at *5 (internal quotation marks omitted). The plaintiff has not shown that there is no employer-employee relationship among and between the defendants in this case and those in the state court case, or that this lawsuit does not relate to matters within the scope of that relationship. Accordingly, the record establishes the second element of *res judicata*—that the previous state action involved the same parties or their privies.

## III. Claims Could Have Been Asserted in the Prior Action

The third element is that the claims asserted in this action could have been raised in the earlier action. As to this third element, the Court must "consider whether the second lawsuit concerns 'the same claim—or nucleus of operative facts—as the first suit,' applying three considerations: '(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations.'" *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (quoting *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 280 (2d Cir. 2008)).

In this lawsuit, the plaintiff "repeatedly link[s]" her injuries "to the same course of unlawful conduct" alleged in the earlier state action—Epstein's sexual crimes against the plaintiff. *Id.* As the plaintiff explains, the claims here arise out of the defendants' "negligence

and intentional actions and [Mr. Wexner's] failure to supervise his own companies, properties, and employees." (ECF No. 42 at 18.) The defendants' alleged negligence that led to the events underlying both lawsuits would form a "convenient trial unit" and "conform[] to the parties' expectations." *Soules*, 882 F.3d at 55. And the inclusion of any new legal theory of liability against the federal defendants arising out of these same facts does not change the analysis under this element. "[W]hatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata." *Quattrone*, 2021 WL 4295418, at *5.

The plaintiff argues that her claims depend on new evidence that was not available to her in the state action. "As a general rule, newly discovered evidence does not preclude application of res judicata." *In re Layo*, 460 F.3d 289, 292 (2d Cir. 2006). Exceptions may apply where "the evidence was either fraudulently concealed or when it could not have been discovered with due diligence." *Id.* A plaintiff "seeking to apply the fraud exception to *res judicata* must allege with particularly what the defendant did to conceal any material information and why it was unable to discover defendant's actions." *Ningbo Prod. Imp. & Exp. Co. v. Eliau*, No. 11-CV-650, 2011 WL 5142756, *9 (S.D.N.Y. Oct. 31, 2011) (internal quotation marks omitted). In other words, the plaintiff must plead fraud sufficient to satisfy the requirements of Federal Rule of Civil Procedure 9(b). *Rafter v. Liddle*, 704 F. Supp. 2d 370, 377 (S.D.N.Y. Mar. 30, 2010). "Wholly conclusory allegations of fraudulent concealment . . . are insufficient to avoid res judicata." *Barash v. N. Tr. Corp.*, No. 07-CV-5208, 2009 WL 605182, at *9 (E.D.N.Y. Mar. 6, 2009).

The plaintiff alleges that "the evidence released or discovered by the Plaintiff [] after the State Action[] includes [a] Vanity Fair article outlining the years of warnings various people

gave to Wexner regarding Epstein's crimes, Ghislaine Maxwell['s] 2020 unsealed deposition, documentaries[,] and other news articles, and recent civil actions and criminal trials." (ECF No. 42 at 20.) The plaintiff alleges that "[t]here was nothing Plaintiff could have done to discover this evidence in the State Action" because "Wexner and his legal team have gone through great efforts to keep his name under seal and out of public filings." (*Id.*)

The plaintiff has not shown that the "'new evidence' [] was [] 'fraudulently concealed' or impossible to 'discover[] with due diligence,' and accordingly, [she] cannot prevent the application of res judicata." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 169 (2d Cir. 2021) (citation omitted). In an affirmation, the plaintiff's lawyer[10] cites "new evidence" about Mr. Wexner that became public before she chose to dismiss her state action with prejudice in November 2020—specifically, Ghislaine Maxwell's deposition transcript, which was unsealed in July 2020 (ECF No. 42-1 ¶ 26); a Business Insider article published in October 2020, (*id.* ¶ 27); a Daily Beast article published in September 2019 (*id.* ¶ 32); and a New York Times article published in July 2019 (*id.* ¶ 45). Much of the "'new evidence' [the plaintiff] relied on to bring [her] claims . . . was publicly available prior to the dismissal" of her state action, and thus does not support her allegation that this evidence could not have been discovered with due diligence. *Cho*, 991 F.3d at 169. Therefore, the plaintiff's claims could have been asserted in the prior state action.[11]

---

[10] The defendants maintain that the Court should not consider counsel's affidavit because (1) it was never incorporated into the plaintiff's complaint and is not within the purview of judicial notice, and (2) the plaintiff's counsel is not competent to testify about what the plaintiff could have discovered when she litigated the state action because he did not represent her in that case, and counsel in the state lawsuit did not provide an affidavit. (ECF No. 44 at 14.) In any event, the affidavit does not establish that the Court should apply an exception to *res judicata* because of fraud or the plaintiff's inability to discover new evidence with due diligence.

[11] The Court does not consider the plaintiff's claims, made for the first time in her opposition to the defendant's motion, under the Trafficking Victims Protection Reauthorization Act and the Racketeering Influenced and Corrupt Organizations Act. The plaintiff "cannot amend [her] complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss." *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y.2013); *see also Lerner v.*

The plaintiff's claims in this lawsuit are thus barred by *res judicata*.

Because the Court finds that the plaintiff's claims are barred in their entirety by *res judicata*, it is not necessary to address the other arguments the defendants make for dismissal. Nevertheless, the defendants' jurisdictional argument also has merit. The plaintiff has not pled facts sufficient for general jurisdiction, as the Wexners are "citizen[s] of Ohio" (ECF No. 36 ¶ 12), and the plaintiff concedes that all the foundation defendants are incorporated and maintain their principal places of business in other states (*id.* ¶¶ 13–16). Even assuming that she means to invoke specific jurisdiction—which would be a leap, since the complaint used only the language of general jurisdiction in claiming the defendants were "essentially at home in New York" (*id.* ¶¶ 39–40, 42, 44, 46, 49)—her allegations are insufficient to demonstrate plausibly that there is specific jurisdiction over the defendants, as she "must make allegations establishing jurisdiction with some 'factual specificity' and cannot establish jurisdiction through conclusory assertions alone." *Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014).

---

*Forster*, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003) ("New claims not specifically asserted in the complaint may not be considered by courts when deciding a motion to dismiss."). Accordingly, the Court does not consider these claims, which nevertheless are also barred by *res judicata.*

## CONCLUSION

For these reasons, the defendant's motion to dismiss is granted.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
February 29, 2024